IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEREMY A. BRECKENRIDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16−cv−0888−MJR |
| | ) |
| BENERIO SANTOS, and | ) |
| LISA KREBS | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Jeremy Breckenridge, an inmate in Centralia Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

### The Complaint

Plaintiff has a documented allergy to Cipro. (Doc. 1, p. 5). On December 29, 2015, he was prescribed Bactrim for a urinary tract infection. (Doc. 1, p. 5). Plaintiff alleges that Bactrim is in the same class of drugs as Cipro. (Doc. 1, p. Plaintiff began experiencing symptoms similar to those he had suffered on Cipro; his skin flushed red, his eyes and lips swelled, and he experienced a pins and needles sensation all over his body. (Doc. 1, p. 5). Plaintiff was given a pass to health care immediately. (Doc. 1, p. 5). When he arrived there, he told Santos that these were the same symptoms he had experienced with Cipro, and that he had been admitted to a burn unit with Steven

Johnson syndrome on that occasion. (Doc. 1, p. 5). Santos gave him Benadryl and sent him back to his cell. (Doc. 1, p. 5).

Plaintiff arrived back on his cell block for count, which generally takes 30 minutes to complete. (Doc. 1, p. 5-6). During count his symptoms worsened. (Doc. 1, p. 5). He turned a darker shade of red, the swelling increased, and he starting experiencing shaking and trembling. (Doc. 1, p. 6). Plaintiff could no longer walk or stand, so his cellmate ran to get a guard. (Doc. 1, p. 6). The guard called health care immediately and Plaintiff was escorted to the health care unit in a wheelchair. (Doc. 1, p. 6). Plaintiff was taken to St. Mary's hospital. (Doc. 1, p. 6). St. Mary's diagnosed Plaintiff with Steven Johnson syndrome. (Doc. 1, p. 6). Plaintiff stayed in the hospital for 4 ½ days. (Doc. 1, p. 7). His skin blistered and peeled off. (Doc. 1, p. 7). He continued to experience pain and tremors. (Doc. 1, p. 7). Plaintiff is now more susceptible to rashes and alleges that his kidneys were damaged. (Doc. 1, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to divide the pro se action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The following claim survives threshold review:

**Count 1 –Santos and Krebs were deliberately indifferent to Plaintiff's Steven Johnson syndrome where Santos failed to take into account Plaintiff's medical history when prescribing Bactrim and failed to consider Plaintiff's past history of Steven Johnson syndrome when he presented with a negative reaction, thus delaying Plaintiff's care**

Plaintiff has also attempted to bring another Count, but for the reasons elucidated below, this claim does not survive threshold review.

**Count 2 – Santos and Krebs were negligent where Santos failed to consider Plaintiff's past medical history of Steven Johnson syndrome when prescribing antibiotics and treating Plaintiff's severe reaction to the antibiotics.**

As to Plaintiff's **Count 1**, In order to state a clam for deliberate indifference to a serious medical need, an inmate must show that he 1) suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition.  An objectively serious condition includes an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or which involves chronic and substantial pain.  *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997).  "Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk.  Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted); *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eight Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997).

Based on this standard, Plaintiff has stated a viable claim against Santos. Plaintiff has alleged that he has Steven Johnson syndrome, and has experienced painful outbreaks before as a result of certain medications. Plaintiff has alleged that Steven Johnson syndrome requires intense medical treatment, including hospitalization. He has alleged that Santos ignored his history of the syndrome when he prescribed medication that was in the same family as another prescription, previously known to trigger an attack, and that Santos failed to provide acceptable medical treatment when presented with symptoms of an attack. This is sufficient to state a claim against Santos.

However, Plaintiff is not entitled to relief against Krebs. Plaintiff's Complaint does not allege that Krebs provided medical treatment to him at any time or was even aware of the chain of events. Plaintiff has pleaded that Krebs is responsible for "not checking up on her medical employees." (Doc. 1, p. 12). That is respondeat superior, and there is no respondeat superior or supervisor liability in a § 1983 case. To be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Eades v. Thompson*, 823 F.2d 1055, 1063 (7th Cir. 1987); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983); *Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981). As Krebs was not personally involved in any of Plaintiff's care or treatment, she must be dismissed from all Counts with prejudice.

Plaintiff's **Count 2** must also be dismissed. Medical negligence is a claim that arises out of the Illinois state law of medical malpractice. Where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: 1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); 2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or 3) that the plaintiff has made a request for records but the respondent has

not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. §5/2-622(b).

Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend his complaint to comply with section 2-622 before his action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit or certificate. Therefore, the claim in Count 2 shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days (on or before

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

November 3, 2016) to file the required affidavits/certificates. Should Plaintiff fail to timely file the required affidavits/certificates, the dismissal of Count 2 shall become a dismissal **with prejudice.** See FED. R. CIV. P. 41(b).

The Court also notes that there is a strong suggestion that Plaintiff has not exhausted his administrative remedies. Plaintiff has alleged that he was prevented from exhausting when the officials took too long to return his grievance to him, but exhibits attached to the Complaint suggest that he may have not followed the proper sequence of exhaustion. As Defendants have the burden of proof on this issue, and Plaintiff has made a statement that he was otherwise prevented from exhausting, the Court will not decide this issue at this time.

### Pending Motions

Plaintiff's motion for recruitment of counsel will be referred to a Magistrate Judge for disposition. (Doc. 3). Plaintiff's Motion for Service of Process at Government Expense is **MOOT**, as Plaintiff has already been granted leave to proceed IFP, and the Court will order service. (Doc. 4).

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** states a claim upon which relief could be granted. **COUNT 1** will proceed against Santos. Krebs will be **DISMISSED with prejudice** from all Counts.

**IT IS FURTHER ORDERED** that as to the medical malpractice claims in **COUNT 2** against Defendants **Santos**, Plaintiff shall file the required affidavits

pursuant to 735 ILL. COMP. STAT. §5/2-622, within 35 days of the date of this order (see date certain above).  Further, Plaintiff shall timely file the required written report(s) of a qualified health professional, in compliance with §5/2-622.  Should Plaintiff fail to timely file the required affidavits or reports, **COUNT 2** shall be dismissed without prejudice.

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant Santos:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, with respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Williams for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to

have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1)

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 29, 2016**

s/ MICHAEL J. REAGAN
**U.S. District Judge**